IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWIN ALTNOR, et al.,           :      CIVIL ACTION
                                :      NO. 14-7043
          Plaintiffs,           :
                                :
     v.                         :
                                :
PREFERRED FREEZER SERVICES, INC., :
                                :
          Defendant.            :

## ORDER

**AND NOW**, this **18th** day of **July, 2016,** upon consideration of Plaintiffs' Unopposed Motion for Final Class/Collective Action Settlement Approval (ECF No. 21), Plaintiffs' Unopposed Memorandum in Support (ECF No. 22), and after a final fairness hearing with the parties on May 25, 2016, it is hereby **ORDERED** that Plaintiffs' Motion (ECF No. 21) is **GRANTED in part and DENIED in part without prejudice** as follows:

(1) The Court certifies the following settlement class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

All Pennsylvania residents whom Defendant has employed in the following positions since December 1, 2011 who d[id] not submit a timely, valid request to opt-out of the settlement as provided in the Class Notice: belt checker, cleco operator, customer service staff, cycle count clerk, inbound checker, inventory control clerk, inventory lead, maintenance, maintenance helper, order picker, outbound checker, receiving checker, receiving clerk, receiving/shipping assistant, runner, shipping clerk,

shipping/receiving checker, switch operator, turret/cleco operator, USDA insp./checker, USDA inspections, or warehouse worker.

(2)   The Court certifies the following settlement FLSA

collective:

All individuals whom Defendant employed in the following positions since December 1, 2011 who submit[ted] a timely, valid opt-in form as provided in the Class Notice: belt checker, cleco operator, customer service staff, cycle count clerk, inbound checker, inventory control clerk, inventory lead, maintenance, maintenance helper, order picker, outbound checker, receiving checker, receiving clerk, receiving/shipping assistant, runner, shipping clerk, shipping/receiving checker, switch operator, turret/cleco operator, USDA insp./checker, USDA inspections, or warehouse worker.

(3)   The Settlement Agreement is approved pursuant to

Federal Rule of Civil Procedure 23(e) and the factors

set forth in Girsh v. Jepson, 521 F.2d 153, 157 (3d

Cir. 1975).

(4)   The Settlement Agreement is a fair and reasonable

resolution of a bona fide dispute over FLSA

provisions.

(5)   The Court awards $57,667 as attorneys' fees and $2,000

in out-of-pocket costs to be paid to class counsel.

(6)   The Court awards $1,410.80 as an incentive award to

each of the two Named Plaintiffs.

(7)   Class counsel shall submit an appendix to the
      Settlement Agreement for judicial approval consistent
      with this memorandum. The appendix shall reflect the
      enlarged share, ECF No. 21-3 ¶¶ 4, 31-32, to be
      distributed to the class/collective members due to the
      reduction in attorneys' fees and incentive award.


      **AND IT IS SO ORDERED.**


                          **/s/ Eduardo C. Robreno**
                          **EDUARDO C. ROBRENO,   J.**